IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHARRON MAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-4270-CV-C-NKL |
| | ) |
| JAMES COLE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are two motions for summary judgment filed separately by Defendants Angie Malone, Bryan Kunze, City of Fayette, and Fayette City Police Department (Doc. 64), and by Howard County, Howard County Sheriff's Department, and Charlie Polson (Doc. 66.) For the reasons stated below, these motions will be granted in part and denied in part. Also pending before the Court are two motions for reconsideration (Docs. 80 and 84) filed by Plaintiff Sharron Mayo ("Mayo"). For the reasons stated below, these motions are denied.

**I.      Background**

This case arises out of the investigation and arrest of Mayo's son. In August 2003, Defendant James Cole ("Cole"), of the Glasgow Police Department, and Defendant Angie Malone ("Malone"), of the Fayette Police Department, arranged for two confidential

1

informants to go to Mayo's home. Malone and Cole followed the informants to the home to observe what happened.

The parties disagree about what happened once the informants arrived at the home. Malone claims that she watched one of the informants enter the home. (Malone Affidavidt [attached to Doc. 8].) According to Malone, the informant remained in the residence for approximately one minute, at which time the informant left the home and went to a prearranged meeting place, where the informant presented a small baggie of crack cocaine to Cole.

Mayo disagrees with Malone's version of the events. According to Mayo, the informants never entered the home. Instead, they walked around the block before leaving to meet with the officers. According to Mayo, one of the informants later stated that no transaction had taken place. Mayo also claims that Malone could not have observed an informant enter the home, because the home's doors are not visible from the carwash where Mayo was parked.

As a result of the alleged sale, Mayo's son was arrested and was incarcerated for several months. While the case was pending trial, someone forcibly entered Mayo's home and seized certain documents. (Pl. Amended Complaint [Doc. 43], p. 3.) No valuable items were taken.

Immediately after the burglary of the home, one or more of the Defendants showed Stephen Herriford ("Herriford") a photograph of Mayo and someone else which had been taken in Mayo's home. Herriford, whose relationship to Mayo is unclear to the Court,

2

later told Mayo about the photograph. Mayo claims that the Defendants' possession of the photograph is evidence that the Defendants broke into her home without a warrant. Mayo alleges that "the only means by which the Defendants could have obtained the photograph is either by entering [Mayo's] home and stealing same or by installing, and conducting, surveillance in the interior of [Mayo's] home." (Doc. 37, p. 5.)

Immediately after the burglary, the charges against Mayo's son were dismissed. According to Mayo, the charges were dismissed because one of the informants admitted that no drug transaction took place.

In her Amended Complaint, Mayo asserts the following claims: Conspiracy pursuant to 42 U.S.C. § 1985; RICO, 18 U.S.C. § 1961; Section 1983 (based on violation of Fifth and Fourteenth Amendments, as well as failure to supervise); Trespass; Forcible Entry; Harassment; Defamation, Libel, and Slander; Emotional Distress; and Extreme and Outrageous Conduct.

**II.     Discussion**

On September 6, 2005, the Court granted Defendants Angie Malone, James Cole, City of Fayette, Fayette City Police Department, Howard County, Howard County Sheriff's Department, and Glasgow Police Department's Motions for Summary Judgment. (Order [Doc 72].) Accordingly, the Court denies as moot the pending motions for summary judgment to the extent that they relate to the Defendants Malone, City of Fayette, Fayette City Police Department, Howard County, and Howard County Sheriff's

Department. Thus, the only parts of the pending motions left for the Court to consider are those relating to Defendants Kunze and Polson.

After conducting an initial review of some of the Defendants' earlier Motions for Summary Judgment, the Court determined that the only evidence Mayo had uncovered in support of her claims was an unnotarized affidavit of Herriford. In the affidavit, Herriford states as follows:

> 1. Affiant was shown, by law enforcement officials of the Glasgow City Police Department, Fayette City Police Department and/or Howard County Sheriffs [sic] Department, a photograph of Sharon Mayo and another individual.
> 2. That prior to being shown the aforementioned photograph, Affiant had never been to Sharon Mayos [sic] home.
> 3. That Affiant described the photograph to Sharon Mayo.
> 4. Sharon Mayo informed and/or showed Affiant that the photograph was of Sharon Mayos [sic] home.

(Attached as Exhibit 3 to Doc. 36.)

This affidavit is insufficient to support Mayo's claims. The affidavit does not set forth any identifying characteristics of the photograph that was allegedly shown to Herriford. It does not identify, for example, whether the photograph was of the inside or outside of the home; whether it appeared that the photograph had been taken by a surveillance camera; or whether it appeared that Mayo and the other individual knew they were being photographed. The only conclusion that can be drawn from the affidavit is that law enforcement officials somehow obtained a photograph of Mayo and another individual either outside or inside of her home.

Because Mayo is a pro se plaintiff, the Court has given her ample opportunity to conduct discovery and to present the evidence in a manner that is reviewable by the Court. After conducting an initial review of the earlier summary judgment motions, the Court arranged a teleconference with the parties on June 14, 2005. During that teleconference, the Court informed Mayo that Herriford's affidavit was deficient because it was not notarized. The Court also sought to obtain more information about the nature of the photograph. The only information that Mayo could add to Herriford's affidavit was that the other individual in the photograph was her cousin. Nevertheless, the Court gave Mayo until June 28 to file any supplementary notarized affidavits in response to the Defendants' motions.

On June 27, Mayo filed a motion for extension of time, claiming that she was unable to reach Herriford to obtain the affidavit. (Doc. 53.) The Court granted the motion, giving her until July 20 to file the affidavits. (Order [Doc. 54].) The Court stated in its Order that no further extensions would be granted absent exceptional circumstances. *Id.* On July 20, Mayo filed another affidavit of Herriford. (Doc. 55.) Although the affidavit was notarized, it contained almost exactly the same language as the prior affidavit. For reasons that are unclear to the Court, Mayo also requested an extension of 10-15 days to obtain another affidavit from Herriford. (Doc. 56.) Although the Court did not rule on that motion, no supplementary affidavit was filed during the next fifteen days.

Eventually, the Court denied the Motion for an extension as moot on September 6, 2005, and granted summary judgment in favor of Defendants Malone, Cole, City of

5

Case 2:04-cv-04270-NKL   Document 91   Filed 10/07/05   Page 5 of 9

Fayette, Fayette City Police Department, Howard County, and Howard County Sheriff's Department. (Doc 72.) On September 7, the Court issued an Order to Show Cause within 15 days why the case against four other Defendants named in the Amended Complaint should not be dismissed for failure of service. (Doc 74.) At the same time, and notwithstanding the Court's Summary Judgment Order of the previous day, Mayo again moved for an extension of 20 days to produce evidence. (Doc. 75.) On September 20, 2005, the Court issued another Order to Show Cause within 10 days why summary judgment should not be granted in favor of Defendants Kunze and Polson. As of September 26, Mayo had not responded to the first Show Cause Order so the Court dismissed the case against the four Defendants named in the Amended Complaint. (Doc. 81.) As of September 30, ten days after the second Show Cause Order, Mayo had not responded to it either; however, she had filed a Motion to Reconsider the Court's first Summary Judgment Order (Doc. 80), a Motion to Reconsider the Court's Order denying her latest request for an extension of time to produce evidence (Doc. 84), and an affidavit from her son, Marcus Davis ("Davis") (Doc. 85). Not until October 3, did she fax a response (Doc. 90) to the Court's second Show Cause Order–indicating that the original was in the mail–saying only that the Court should consider her Motions to Reconsider (Docs. 80 and 84) before ruling on the pending summary judgment motions.

    **A.**    **Motions to Reconsider**

After consideration, the Court denies Mayo's Motion to Reconsider (Doc. 80) its Summary Judgment Order (Doc. 72) in favor of Defendants Angie Malone, James Cole,

6

City of Fayette, Fayette City Police Department, Howard County, Howard County Sheriff's Department, and Glasgow Police Department.  The most recent affidavit by Davis offers no additional evidence beyond the same conclusory statements offered in the previous affidavit from Herriford.  There is still insufficient evidence for any reasonable juror to find in her favor on her Federal Civil Rights or RICO claims, and the Court continues to decline jurisdiction over the pendant state law claims.

Also after consideration, the Court denies Mayo's Motion to Reconsider (Doc. 84) its Order (Doc 76) denying her request for more time to produce evidence.  Defendants' first Motion for Summary Judgment was filed in January 2005.  In the nine months since, during which Mayo has been granted a half dozen extensions, the Court has received only two affidavits, neither of which offers any evidence other than the possession by the police of a photograph of the interior of Mayo's home.  The Court finds no reason to believe that additional time will yield any further evidence to support Mayo's allegations.

> **B.** **Motions for Summary Judgment**
>
>> **1.** **Federal Claims Related to Entry of Mayo's Home**

Although Mayo's pleadings are somewhat unclear, it appears that her federal claims, with the exception of her RICO claim, are based on her assertion that the law enforcement officers either entered her home without a warrant or conducted unlawful surveillance of her home.  After having been given ample opportunity to supplement the record, the only evidence Mayo has presented in support of her claims are Herriford's and Davis's affidavits.  Because no reasonable finder of fact could conclude from these

7

affidavits that the Defendants unlawfully entered Mayo's home or conducted unlawful surveillance of her home, summary judgment is warranted as to the aforementioned claims.

### 2. RICO Claims

The Court has given Mayo every opportunity to adduce evidence in support of her claims based on the arrest of her son. To date, she has produced only two affidavits, neither of which offers any evidence upon which a reasonable juror could find that the Defendants unlawfully engaged in any conspiracy, obstructed an investigation, tampered with witnesses, received or otherwise dealt with controlled substances, or committed any other felonious acts. Consequently, summary judgment is warranted as to Mayo's RICO claims.

### 3. Remaining State Claims

Because the Defendants are entitled to summary judgment as to Mayo's federal claims, the Court declines to exercise jurisdiction over Mayo's state law claims. "A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004), *cert. denied*, 125 S. Ct. 43 (2004) (quoting 28 U.S.C. § 1367(c)(3)). As the Supreme Court has noted, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law

claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court finds that in this case, the balance of those factors requires dismissal without prejudice of Mayo's state law claims. If she so chooses, Mayo may seek relief in state court for her state claims.

**4.     Conclusion**

Accordingly it is hereby

ORDERED that the Defendants' Motions for Summary Judgment (Docs. 64 and 66) are GRANTED in PART and DENIED in PART. Summary Judgment is GRANTED to Defendants Kunze and Polson as to all Mayo's federal claims. Summary Judgment is DENIED as MOOT to Defendants Malone, City of Fayette, Fayette City Police Department, Howard County, and Howard County Sheriff's Department. It is further

ORDERED that Mayo's state claims against Defendants Kunze and Polson are DISMISSED without prejudice. It is further

ORDERED that Plaintiff's Motions to Reconsider (Docs. 80 and 84) are DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: October 7, 2005
Jefferson City, Missouri