IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SHARRON MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-4270-CV-C-NKL |
| | ) | |
| JAMES COLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Defendant Kevin Atwood's Motion for Summary Judgment [Doc. 87]. For the reasons stated below, the motion will be granted.

**I.     Background**

This case arises out of the investigation and arrest of Plaintiff Sharron Mayo's son. In August 2003, Defendants James Cole of the Glasgow Police Department and Angie Malone of the Fayette Police Department arranged for two confidential informants to go to Mayo's home. Malone and Cole followed the informants to the home to observe what happened.

The parties disagree about what happened once the informants arrived at the home. Malone claims that she watched one of the informants enter the home. (Malone Affidavit [attached to Doc. 8].) According to Malone, the informant remained in the residence for approximately one minute, at which time the informant left the home and went to a

1

prearranged meeting place, where the informant presented a small baggie of crack cocaine to Chief Cole.

Mayo disagrees with Malone's version of the events. According to Mayo, the informants never entered the home. Instead, they walked around the block before leaving to meet with the officers. According to Mayo, one of the informants later stated that no transaction had taken place. Mayo also claims that Malone could not have observed an informant enter the home, because the home's doors are not visible from the carwash where Malone was parked.

As a result of the alleged sale, Mayo's son was arrested and was incarcerated for several months. While the case was pending trial, someone forcibly entered Mayo's home and seized certain documents. (Pl. Amended Complaint [Doc. 43], p. 3.) No valuable items were taken.

Immediately after the burglary of the home, one or more of the Defendants showed Steven Herriford a photograph of Mayo and someone else which had been taken in Mayo's home. Herriford, whose relationship to Mayo is unclear to the Court, later told Mayo about the photograph. Mayo claims that the Defendants' possession of the photograph is evidence that the Defendants broke into her home without a warrant. Mayo alleges that "the only means by which the Defendants could have obtained the photograph is either by entering [Mayo's] home and stealing same or by installing, and conducting, surveillance in the interior of [Mayo's] home." [Doc. 37, p. 5.]

2

Case 2:04-cv-04270-NKL   Document 105   Filed 11/14/05   Page 2 of 4

Immediately after the burglary, the charges against Mayo's son were dismissed. According to Mayo, the charges were dismissed because one of the informants admitted that no drug transaction took place.

In her Amended Complaint, Mayo asserts the following claims: Conspiracy pursuant to 42 U.S.C. § 1985; RICO, 18 U.S.C. § 1961; Section 1983 (based on violation of Fifth and Fourteenth Amendments, as well as failure to supervise); Trespass; Forcible Entry; Harassment; Defamation, Libel, and Slander; Emotional Distress; and Extreme and Outrageous Conduct.

## II. Discussion

On September 6, 2005, the Court granted Defendants Angie Malone, James Cole, City of Fayette, Fayette City Police Department, Howard County, Howard County Sheriff's Department, and Glasgow Police Department's Motions for Summary Judgment. (Order [Doc. 72].) On October 7, 2005, the Court granted Defendants Kunze and Polson's Motions for Summary Judgment. (Order [Doc. 91].) Thus, Defendant Atwood, who is the Chief of the City of Glasgow Police Department, is the only remaining Defendant in the case.[1]

Although Mayo has recently filed three more affidavits with the Court [Docs. 96, 97 & 98], none of them offers any further evidence to support her claims; all merely recite the allegations in Mayo's Complaint. Based on nearly identical affidavits filed previously, the Court concluded in its first two Summary Judgment Orders that no

---

[1] Three other Defendants were also dismissed for want of service on September 26, 2005 [Doc. # 81].

reasonable juror could find any of the other defendant police officers or departments had deprived Mayo of any rights secured by the constitution and laws of the United States or had engaged in any conspiracy to do so.  After granting summary judgment on her federal claims against the other defendants, the Court declined to exercise jurisdiction over Mayo's state claims and dismissed them without prejudice.  Based on the same dearth of evidence, the Court again concludes that no reasonable juror could find in favor of Mayo on any her federal claims against Defendant Atwood.  Because Atwood is entitled to judgment as a matter of law on all counts of Mayo's Complaint arising under federal law, summary judgment is warranted.  The Court again declines to exercise jurisdiction over Mayo's remaining state law claims and dismisses them without prejudice.

## III. Conclusion

Accordingly it is hereby

ORDERED that Defendant Atwood's Motion for Summary Judgment [Doc. 87] is GRANTED as to all Mayo's federal claims.  It is further

ORDERED that Mayo's state claims against Defendant Atwood are DISMISSED without prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 14, 2005  
Jefferson City, Missouri